# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1463V

| | |
|---|---|
| ELIZABETH LOUGHREN,<br><br>        Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>        Respondent. | Chief Special Master Corcoran<br><br>Filed: February 27, 2024 |

*Diana Lynn Stadelnikas*, Maglio Christopher & Toale, PA, Sarasota, FL, for Petitioner.

*Adam Nemeth Muffett*, U.S. Department of Justice, Washington, DC, for Respondent.

## **DECISION AWARDING DAMAGES**[1]

On September 23, 2019, Elizabeth Loughren filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from an influenza ("flu") vaccine received on October 26, 2016. Petition at 1-4. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 6, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On February 26, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $25,000.00. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $25,000.00 (in pain and suffering) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ELIZABETH LOUGHREN, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 19-1463V |
| v. ) | Chief Special Master Corcoran |
| ) | ECF |
| SECRETARY OF HEALTH AND HUMAN ) | |
| SERVICES, ) | |
| ) | |
| Respondent. ) | |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On September 23, 2019, Elizabeth Loughren ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza vaccine she received October 26, 2016.  Petition at 1-2.  On March 18, 2021, respondent filed his Rule 4(c) Report indicating that this case was not appropriate for compensation under the terms of the Act for a SIRVA Table injury.  ECF No. 28.  On June 16, 2022, petitioner filed a motion for finding of fact, with a supporting memorandum, along with Exhibit 18, a letter from her PCP.  ECF Nos. 43-45.  Respondent responded on August 15, 2022 (ECF No. 46), and petitioner filed additional medical records and replied on September 6, 2022.  ECF Nos. 48, 49.  On October 6, 2023, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation for her SIRVA.[1]  ECF No. 52.

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein.  Assuming the Chief Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision.  However, respondent

I.   **Items of Compensation**

Respondent proffers that petitioner should be awarded **$25,000.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

II.   **Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[2]: a lump sum payment of $25,000.00 in the form of a check payable to petitioner.

III.   **Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Elizabeth Loughren:                        **$25,000.00**


Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

---

reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's September 6, 2023, entitlement decision.

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

2

                                      GABRIELLE M. FIELDING
                                      Assistant Director
                                      Torts Branch, Civil Division

                                      ***/s/ Adam N. Muffett***
                                      ADAM N. MUFFETT
                                      Trial Attorney
                                      U.S. Department of Justice
                                      Torts Branch, Civil Division
                                      P.O. Box 146
                                      Benjamin Franklin Station
                                      Washington, D.C. 20044-0146
                                      Tel: (202) 616-2895
                                      Adam.muffett@usdoj.gov

Date:  February 26, 2024