# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 19-1463V

|  |  |
|---|---|
| ELIZABETH LOUGHREN, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: March 21, 2025 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Diana Lynn Stadelnikas, Maglio Christopher & Toale, PA, Sarasota, FL, for Petitioner.*

*Adam Nemeth Muffett, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 23, 2019, Elizabeth Loughren filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration resulting from an influenza vaccine received on October 26, 2016. Petition, ECF No. 1. On February 27, 2024, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 62.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $67,422.07 (representing $65,559.40 in attorney's fees and $1,050.67 in attorney's costs incurred by Petitioner's counsel of record, Maglio Christopher and Toale, PA ("Maglio firm"), plus $812.00 in attorney's fees incurred by Petitioner's former counsel, Coughlin & Gerhart). Application for Attorney's Fees and Costs filed August 29, 2024. ECF No. 68. Furthermore, Petitioner filed a signed statement representing that Petitioner incurred no personal out-of-pocket expenses. ECF No. 68-4.

Respondent reacted to the motion on September 4, 2024, reporting that he is satisfied the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 69. Petitioner filed a reply reiterating the requested fees and costs as indicated in the Motion. ECF No. 70.

I have reviewed the billing records submitted with Petitioner's request and find reductions in the amount of fees to be awarded appropriate, for the reasons stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The Petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or

otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

### ATTORNEY FEES

### A.    Hourly Rates

The hourly rates requested by the Maglio Christopher and Toale, Law attorneys and paralegals for all work performed in this matter through the end of 2024 are reasonable and consistent with our prior determinations, and will therefore be adopted herein. But the hourly rate requested by Petitioner's former counsel, Robert R. Jones, requires further evaluation.

Petitioner is requesting the hourly rate of $290 for work performed by attorney Robert R. Jones in the 2018-19 timeframe. ECF No. 68-7. However, it appears that Mr. Jones was not admitted to the Court of Federal Claims. An attorney who is not admitted to practice before this Court is not eligible to collect fees at an admitted attorney's rate for his work. *See Underwood v. Sec'y of Health & Hum. Servs.,* No. 00-357V, 2013 WL 3157525, (Fed. Cl. Spec. Mstr. May 31, 2013).

Accordingly, all time billed by Mr. Jones may only be compensated at non-attorney rates. I shall instead compensate such work at the highest paralegal rate of $153.00 and $156, for work performed in 2018 and 2019, respectively, **reducing the amount of fees to be awarded for Mr. Moody's time by $380.90.**[3]

### B.    Hours Billed

Regarding the number of hours billed, I note that several reductions are required. First, some of the billed time is clearly related to the investigation of a potential SIRVA injury in Petitioner's opposing arm from a later administered vaccine.[4] ECF No. 68-2 at 9 (describing potential injury from new vaccine administration). This time should not be billed in this case, but only reimbursed if a second vaccine claim is filed and compensation is awarded or the claim is determined to possess the required reasonable basis and good faith. Section 15(e)(1). **My**

---

[3] This amount is calculated as: ($290 - $153 x 1.9 hrs.) + ($290 - $156 x 0.9 hrs.) = $380.90.

[4] This 8.7 hours of time is billed as follows: 2.2 hours billed on 1/13/21, 4/8/21, and 4/14/21, by attorney Diana Stadelnikas at a rate of $470; 5.2 hours billed on 1/4/22 (two entries), 6/15/22 (two entries), 6/20/22, and 6/29/22, by Ms. Stadelnikas at a rate of $490; and 1.3 hours billed on 1/14/21, 1/20/21, 3/8/21, and 6/28/21, by paralegal Maria Rodriguez-Castro at a rate of $165. ECF No. 68-2 at 9-10, 12, 14-17. I did not include entries with work performed on both SIRVA injuries. *E.g.,* ECF No. 68-2 at 12, 17 (entries dated 7/8/21 and 6/29/22).

determination that these hours should not be reimbursed reduces the Maglio firm's attorney's fees by $3,742.50.[5]

Furthermore, I deem the *total* amount of time devoted to briefing entitlement to be excessive – although not egregiously so. *See* Petitioner's Motion for Finding of Fact and Conclusion of Law, filed June 15, 2022, at ECF No. 44; Petitioner's Reply to Respondent's Response to Petitioner's Motion for Findings of Fact and Conclusions of Law, filed Sept. 6, 2022, ECF No. 49. Petitioner's counsel expended approximately 16.3 hours drafting the entitlement brief and 17.0 hours drafting the reply brief, totaling 33.3[6] hours. ECF No. 68-2 at 15-18. In calculating these totals, I did not include time spent corresponding with Petitioner or drafting and finalizing any supporting statements. *E.g.,* ECF No. 68-2 at 16 (entry dated 6/11/22).

It is unreasonable for counsel to spend so much time briefing the issue of entitlement in this case, where the issues presented are not complex. I have identified numerous cases (which may reasonably be compared to time spent in this matter),[7] in which attorneys have accomplished this task in about half the time.[8] *See,* e.g., *Fletcher v. Sec'y of Health & Hum. Servs.*, No. 20-0127V (Apr. 25, 2024) (12.7 and 9.0 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively); *Lamine v. Sec'y of Health & Hum. Servs.*, No. 20-1560V (Mar. 27, 2024) (8.9 and 7.2 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively); *Davenport v. Sec'y of Health & Hum. Servs.*, No. 20-0206V (Mar. 25, 2024) (16.5 and 2.6 hours billed for drafting an entitlement brief and a responsive entitlement brief, respectively); *Graczyk v. Sec'y of Health & Hum. Servs.*, No. 21-0376V (Feb. 9, 2024) (5.8 and 8.3 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively); *Sisneros v. Sec'y of Health & Hum. Servs.*, No. 20-2070V (Feb. 8, 2024) (0.8 and 10.5 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively); *Strand v. Sec'y of Health & Hum. Servs.*, No. 20-0365V (Feb. 5, 2024) (7.9 and 7.2 hours billed for drafting an entitlement brief and a responsive entitlement brief, respectively); *Griswold v. Sec'y of Health & Hum. Servs.*, No. 19-1674V (May 30, 2024) (5.0 and 2.0 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively);

---

[5] This amount is calculated as: ($470 x 2.2 hrs.) + ($490 x 5.2 hrs.) + ($165 x 1.3 hrs.) = $3,742.50.

[6] This total is calculated as follows: 33.1 hours billed on 5/11/22, 5/31/22, 6/1/22, 6/14/22, 6/15/22, 8/15/22, 8/16/22, 9/2/22 (two entries), 9/4/22, and 9/6/22, by Diana Stadelnikas at a rate of $490; and 0.2 hours billed on 9/2/22, by Danielle Strait at a rate of $415. ECF No. 68-2 at 15-18.

[7] Special masters may use comparisons to attorneys performing similar tasks to determine if hours are excessive. *See Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1518-1521 (Fed. Cir. 1993).

[8] These decisions can be found on the United States Court of Federal Claims website, and/or at  https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited Mar. 24, 2024).

*McCallum v. Sec'y of Health & Hum. Servs.*, No. 19-1991V (May 19, 2023) (8 hours billed for drafting an entitlement brief); *Weso v. Sec'y of Health & Hum. Servs.*, No. 19-0596V (May 16, 2024) (6.0 and 1.1 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively).

Of course, having prevailed in this case, a fees award is generally appropriate. ECF No. 62. But the Act permits only an award of a *reasonable amount of* attorney's fees. Accordingly, I will reduce the sum to be awarded for entitlement briefing (**a total of 33.3 hours, or $16,302.00** by *twenty percent*.[9] Such an across-the-board reduction (which I am empowered to adopt)[10] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shaded accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This results in a reduction of $3,260.40.**[11]

### ATTORNEYS COSTS

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 68-3. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

### CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $60,038.27 (representing $58,556.50 in attorney's fees and $1,050.67 in attorney's costs incurred by Petitioner's counsel of record, Maglio Christopher and Toale, PA ("Maglio firm"), plus $431.10 in attorney's fees incurred by Petitioner's former counsel, Coughlin & Gerhart), to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B

---

[9]Because the amount of excessive hours was not as egregious as in previous cases, I will reduce the hours billed by a lower amount than I otherwise would apply. *See,* e.g., *Callejas v. Sec'y of Health & Hum. Servs.,* No. 20-1767V, 2023 WL 9288086 (Fed. Cl. Spec. Mstr. Oct. 24, 2023).

[10] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See,* e.g., *Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

[11] This amount is calculated as follows: (33.1 hrs. x $490 x .20) + (0.2 hrs. x $415 x .20) = $3,260.40.

to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[12]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[12] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.